UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Marvin & Barbara Germany**,

    Plaintiffs,

vs.

**Javitch, Block & Rathbone, L.L.P., et al.**,

    Defendants.

Case No. 05-CV-191
Judge Gregory L. Frost
Magistrate Judge Abel

## **OPINION & ORDER**

    Defendants Javitch, Block & Rathbone, L.L.P. ("Javitch"), Carl Price ("Price"), Gary Ross ("Ross"), and James O'Neill ("O'Neill")[1] (collectively "Defendants") move to dismiss the Complaint of Plaintiffs Marvin and Barbara Germany ("Plaintiffs"), or, in the alternative, move for a more definite statement. (Doc. # 3). Plaintiffs filed a response in opposition (Doc. # 7), to which Defendants replied (Doc. # 8). After considering the pleadings and filings of the parties, the Court **GRANTS** the motion for a more definite statement, but **DENIES** the motion to dismiss without prejudice. (Doc. # 3).

## **BACKGROUND**

    Plaintiffs are a married couple residing in Franklin County, Ohio. (Doc. # 1 at ¶ 1). Javitch is a law firm located in Cleveland, Ohio that satisfies the definition of "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq*. *Id.* at ¶ 2. Price, Ross, and O'Neill are Javitch employees; it is unclear whether they are

---

[1]Carl Price, Gary Ross, and James O'Neill are pseudonyms and office alias' for actual employees of Javitch. (Doc. # 3 at n.1-3).

1

attorneys. *Id.*

Javitch attorneys represented Chemical Bank in a debt collection action against Barbara Germany in the Municipal Court of Franklin County, Ohio.[2] *Chemical Bank v. Barbara Germany*, 2003 CVF 041422 (Franklin County Municipal Court); (Doc. # 3 at Ex. 1). That action commenced on October 14, 2003. *Id.* A default judgment was entered against her on January 14, 2004, and a wage garnishment order was entered against her on August 26, 2004. The wage garnishment order was confirmed by the Court after a hearing on October 5, 2004. *Id.* Three days later, Germany filed a motion for relief from the garnishment order, admitting that she owed the debt but asking the Court to set aside the interest that had accumulated on her debt. *Id.* The municipal court overruled her motion on November 23, 2004, and her wages continue to be garnished.

Plaintiffs filed the instant action in Franklin County Municipal Court on February 28, 2005, asserting that the Defendants, in the course of collecting the debt Germany owes Chemical Bank, violated the FDCPA. (Doc. # 1 at ¶¶ 2, 5). Specifically, Plaintiffs allege that Defendants, jointly and severally:

> have committed various violations of the [FDCPA], including but not limited to communicating at an unusual time and place which Defendant knew was inconvenient to Plaintiffs; engaging Plaintiffs in telephone conversations repeatedly with the intent to annoy, abuse and harass the Plaintiffs; the use of deceptive means to collect a debt; and falsely representing that the garnishment forms mailed to Plaintiffs did not require action

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

    by the Plaintiffs to avoid garnishment.  Plaintiffs state that the actions of the Defendant [sic] were frequent, persistent, and intentional.

(Doc. # 1 at ¶ 5).  Defendants subsequently utilized 28 U.S.C. § § 1331, 1337, and 1441 to remove the action to this Court, and now move the Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. Rs. Civ. P. 12(b)(1) and 12(b)(6).  (Doc. # 3).  In the alternative, the Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). *Id.*

    The Court concludes that Defendants' motion for a more definite statement is well taken for several reasons.  (Doc. # 3).  To begin, the Sixth Circuit held that the spouse of a debtor has standing to assert FDCPA claims under some sections of the Act but not under others. Plaintiffs' Complaint fails to state under which section or sections they are proceeding.  Plaintiffs' Complaint also fails to specify when the purported telephone calls took place, thereby preventing the Defendants from asserting, and the Court from considering, the FDCPA's statute of limitations.  Accordingly, the Court **GRANTS** Defendants' motion for a more definitive statement under Fed. R. Civ. P. 12(e). (Doc. # 3).   Plaintiffs are **ORDERED** to file an amended complaint that more thoroughly details their claims, and Defendants' motion to dismiss is **DENIED** without prejudice.  *Id.*  Defendants are therefore able to file another motion to dismiss in response to Plaintiffs' Amended Complaint, should they so choose.

    **IT IS SO ORDERED.**

                           /s/   Gregory L. Frost
                            **GREGORY L. FROST**
                            **UNITED STATES DISTRICT JUDGE**